per curiam:
Plaintiff Harry I. Goodley moves under Rule 152(b)(6) for relief from the judgment in Goodley v. United States, 194 Ct. Cl. 829, 441 F.2d 1175 (1971). In Goodley, the court held that plaintiff was not entitled to "longevity retirement pay under the provisions of 10 U.S.C. §§ 1331 *679 and 1332 (1964).” 194 Ct. Cl. at 831, 441 F.2d at 1176. The court reached this holding by determining that plaintiffs "service [during World War £TJ as an enrolled temporary member of the Coast Guard Reserve was not service on active duty” within the meaning of sections 1331(c) and 1332(b)(7). 194 Ct. Cl. at 832, 441 F.2d at 1177. Plaintiff contends that the foregoing determination has been "overruled” by the Supreme Court in Alexander v. Fioto, 430 U.S. 634 (1977), and by the United States Court of Appeals for the Ninth Circuit in Goodley v. United States, No. 77-3002 (unpublished opinion filed February 25, 1980). Plaintiffs reliance on these cases is misplaced.
The named plaintiff in Fioto conceded that he had not performed active duty during wartime.[1] Hence, the Supreme Court was not required to and in fact did not consider what constitutes "active duty” under section 1331(c). The ninth circuit in its Goodley decision[2] observed:
|T]n the present situation the Court of Claims had already determined "that plaintiffs service as an enrolled temporary member of the Coast Guard Reserve was not service on active duty.” [Citation omitted.] That conclusion concerning the nature of plaintiffs service is res judicata and cannot be reopened in this appeal. [Emphasis supplied.]
Hence, neither of the cases cited by plaintiff provides a justification for overruling our Goodley decision.
*680 it is therefore ordered that plaintiffs motion for relief from judgment is denied.

 His contentions were that section 1331(c) violated "the equal protection principle inherent in the Due Process Clause of the Fifth Amendment [and] that the statute should be construed as merely providing that his years of - prewar service must be ignored for the purpose of determining his eligiblity.” 430 U.S. at 635-36. The Supreme Court rejected both of these contentions.

 The facts underlying the decision are as follows. In March 1973, the instant plaintiff requested the Coast Guard Board for the Correction of Military Records (the board) to correct his military record to show that he was issued a certificate of honorable discharge, rather than a certificate of honorable service, for the duties which he had performed for the Coast Guard Reserve during World War IT. Plaintiffs application for this change was denied by the Board on February 18, 1977. While the application was still pending before the board, plaintiff filed a mandamus action in the United States District Court for the District of Arizona. In the mandamus action, he alleged that he was entitled to military retirement benefits under sections 1331 and 1332, and he requested the district court to order the board to grant his application for a certificate of honorable discharge. Upon the issuance of the board’s decision denying the application, the district court dismissed the mandamus action as moot. Plaintiff appealed to the ninth circuit. In an unpublished opinion the ninth circuit affirmed the dismissal.